EDWIN B. SHELDON, Appellee, vs. THE CITY OF CHICAGO,
Appellant.

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. PLATS—*fee of all streets in original town of Chicago is in
the city.* The fee of all streets in the original town of Chicago is
in the city of Chicago without regard to the date when the canal
commissioners conveyed the abutting lots, whether before or after
the adoption of the act of 1833, concerning plats.

2. The principles involved in this case are fully discussed in the
opinions rendered in *Ryerson* v. *City of Chicago,* (*ante;* p. 185,)
and *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192.)

DUNN, J., dissenting.

APPEAL from the Circuit Court of Cook county; the
Hon. JULIAN W. MACK, Judge, presiding.

This was one of eight bills in chancery severally filed
in the circuit court of Cook county by property owners in
the city of Chicago whose property abuts upon the public
streets of said city, against the city of Chicago, to enjoin
the city from enforcing, as against their respective proper-
ties, the provisions of an ordinance passed by the common
council of the said city on February 5, 1906, which ordi-
nance provides no person shall use any space underneath
the surface of any street or other public grounds in the
city of Chicago, or construct or maintain any structure
thereunder, without first obtaining a permit so to do from
the commissioner of public works of said city. The com-
plainant is the owner of the north-west corner of Lake
and LaSalle streets, which has a frontage of sixty feet
on Lake street and a frontage of ninety feet on LaSalle
street, which premises are improved with a five-story and
basement brick and stone building, and adjoining the said
building, and beneath the sidewalks upon both frontages,
are situated subways, which complainant uses in connec-
tion with his building. It also appears from the record

that the premises of the complainant are situated in the original plat of the original town of Chicago. The trial court, upon a hearing, entered a decree enjoining the city from enforcing said ordinance against the complainant as to said property, and the city has prosecuted an appeal.

EDWARD J. BRUNDAGE, Corporation Counsel, and WILLIAM D. BARGE, for appellant.

WILSON, MOORE & McILVAINE, for appellee.

Per CURIAM: The principles involved in this case are fully discussed in the opinions filed in the cases of *Ryerson* v. *City of Chicago,* (*ante,* p. 185,) and *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192,) and according to the holdings in those cases the city is the owner of the fee in the streets adjoining the appellee's property, and the city should not have been enjoined from enforcing the ordinance against the appellee.

It is sought to distinguish this case from the *Ryerson case* and the *Tacoma Safety Deposit Co. case,* on the ground that the lots of appellee were conveyed to him prior to the passage of the act of 1833, concerning plats. We think there is no valid distinction as to where the fee to the streets in the original town of Chicago rests, by reason of the date when the canal commissioners conveyed the abutting lots, but that it must be held that the fee in all of the streets in the original town of Chicago rests in the city of Chicago.

The decree of the circuit court will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE DUNN, dissenting.